Filed 2/7/22  P. v. Criado CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048757 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS161562A) |
| v. | |
| EDDIE CRIADO, | |
| Defendant and Appellant. | |

Appellant Eddie Criado appeals from a judgment entered upon resentencing after a prior appeal.  In the prior appeal, this court directed the trial court to strike two, one-year prior prison term enhancements it had previously imposed (Pen. Code, § 667.5, subd. (b) (hereafter section 667.5(b)[1])) in light of Senate Bill No. 136 (Stats. 2019, ch. 590) (Senate Bill 136) and to resentence Criado.  At his resentencing hearing in January 2021, the trial court struck the prior prison term enhancements and sentenced Criado to six years in state prison.  The trial court's decision at resentencing to impose the upper term on one of the crimes of conviction rather than the previously imposed middle term resulted in the same aggregate sentence it had previously imposed.  On appeal, Criado

---

[1] Unspecified statutory references are to the Penal Code.

contends the trial court abused its sentencing discretion and requests remand for resentencing.

Although Criado's original briefing in this appeal argued the trial court erred under Senate Bill 136, both parties agree that resentencing is required pursuant to Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which was enacted after the original briefing had been completed. (Stats. 2021, ch. 731.) We concur and will remand for resentencing on this basis. In light of this conclusion, we need not address Criado's other claims of error.

## I. FACTS AND PROCEDURAL BACKGROUND[2]

Criado robbed a gas station in Big Sur and threatened a store clerk at the station with a knife. When officers arrested Criado, he had the knife " 'clipped on [his] side.' "

Following a two-day trial, a jury found Criado guilty of robbery (§ 211) and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The jury also found Criado had personally used a deadly or dangerous weapon during the commission of the robbery. (§ 12022, subd. (b)(1).) Criado waived his right to a jury trial on the remaining enhancements, and the trial court found true the allegations that Criado had served two prior prison commitments. (§ 667.5(b).) One of the prison priors was for check fraud (§ 476) and burglary (§ 459), and the other was for assault with a deadly weapon (§ 245).

The probation report prepared for Criado's original sentencing identified the following five possible factors in aggravation: The crime involved the threat of great bodily harm to the victim as he was performing his job duties (Cal. Rules of Court, rule

---

[2] We recite only the facts and procedural history relevant to the issues in this appeal. This court previously granted Criado's request to take judicial notice of *People v. Criado* (No. H045429). (See Evid. Code, §§ 452, 459.) We draw this summary from this court's opinion in the prior appeal of *People v. Criado* (Apr. 1, 2020, H045429) [nonpub. opn.].

4.421(a)(1))[3]; Criado dissuaded the victim from testifying (rule 4.421(a)(6)); Criado's "prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous and increasing in seriousness" (rule 4.421(b)(2)); Criado was on conditional probation when the crime was committed (rule 4.421(b)(4)); and Criado's "prior performance on probation or parole was unsatisfactory, in that he sustained violations" (rule 4.421(b)(5)).[4]

In May 2017, the trial court sentenced Criado to a total term of six years in state prison, calculated as follows:  On the robbery count, the trial court imposed the middle term of three years and a one year-consecutive term on the enhancement for personal use of a deadly or dangerous weapon.  The court also imposed consecutive terms of one year on each of the two prison prior enhancements.[5]

This court affirmed Criado's convictions in April 2020 but remanded the matter to the trial court for resentencing in light of Senate Bill 136, which amended section 667.5(b), effective January 1, 2020, to limit prison prior enhancements to sexually violent offenses.[6]  (*People v. Criado*, *supra*, H045429) [2020 WL 1545721 at *8] [nonpub. opn.].)  Because neither of Criado's two prior prison terms was for a sexually violent offense, this court concluded the enhancements previously imposed must be stricken. (*Ibid.*)  This court noted the trial court had not imposed the maximum possible sentence on Criado and remanded for the trial court to exercise its discretion to determine Criado's total sentence in light of the changed circumstances.  (*Ibid.*)

---

[3] Unspecified rule references are to the California Rules of Court.

[4] While the probation report originally identified other factors, such as the prior prison terms, those factors are struck out in the report and the trial court appears to have struck those factors at the 2017 sentencing hearing.

[5] The trial court imposed a concurrent term of one year on the conviction for possession of methamphetamine.

[6] Senate Bill 136, which took effect January 1, 2020, amended section 667.5, subdivision (b), to limit the imposition of prior prison term enhancements to certain sexually violent offenses.  (*People v. Winn* (2020) 44 Cal.App.5th 859. 872.)  This court concluded Senate Bill 136 applies retroactively to cases not yet final on appeal.  (*Ibid.*)

Following remand, the trial court conducted a resentencing hearing on January 8, 2021. At the outset of the hearing, the trial court stated its understanding that it had to strike the prior prison term enhancements but was not precluded "from resentencing [Criado] so long as the aggregate term is not more than what he originally got." Criado's attorney agreed with the court's general assessment of the law.

The trial court indicated it intended to impose the upper term on the robbery count, which "would result in the exact same result in terms of a full sentence." Criado's counsel requested that the trial court impose the middle term for his robbery conviction, asserting the middle term was the "appropriate term" and "[t]here is nothing that the Court has before it that would indicate that the sentence would be . . . other than a midterm."

The trial court rejected Criado's request. It explained "I do think it's important to note that at the time of the original sentencing, I specifically did not consider his prior prison terms as aggravating circumstances, and I do think at this point it is appropriate to consider them not as enhancements, but as [aggravating] circumstances, also in light of the factors of aggravation and mitigation that are present in this case."

The trial court struck the two prison prior enhancements and sentenced Criado to a total term of six years in state prison, comprised of the upper term of five years for the robbery conviction and a consecutive term of one year on the enhancement for personal use of a deadly or dangerous weapon. It left the remainder of his sentence unchanged.[7]

Criado timely appealed the judgment.

## II. DISCUSSION

In his original briefing in this appeal, Criado contended the trial court abused its discretion when it resentenced him, arguing its decision was inconsistent with the

---

[7] Regarding fines, fees, and assessments (fines and fees), the trial court left the fines and fees it had previously imposed in May 2017 unchanged. The parties do not raise any claims of error with respect to the fines and fees imposed.

legislative intent of Senate Bill 136 to reduce prison sentences by eliminating prior prison term enhancements. The Attorney General argued no error had occurred because the trial court reasonably found Criado's prior criminal record and "the totality of the defendant's circumstances" justified an aggravated term on the robbery conviction.

After this appeal was fully briefed, Senate Bill 567 was enacted and went into effect on January 1, 2022. In response to a request for supplemental briefing from this court, the Attorney General concedes Criado is entitled to the benefit of this new legislation. Further the Attorney General maintains that the matter must be remanded for resentencing because the record does not make clear whether the aggravating factors upon which the court relied in selecting the upper term included factors that were required to be admitted by Criado or found true beyond a reasonable doubt. Criado agrees that the matter must be remanded for resentencing in light of Senate Bill 567.

We accept the Attorney General's concession and conclude resentencing is appropriate.

Senate Bill 567, which became effective January 1, 2022 (Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a)), amended section 1170.[8] As amended, section 1170, subdivision (b), provides in relevant part:

"(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence

---

[8] Senate Bill 567 also amends section 1170.1, a provision not relevant to this appeal.

supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (Stats. 2021, ch. 731, § 1.3.)

We decide that Criado is entitled to the benefit of this new law under the principles set forth in *In re Estrada* (1965) 63 Cal.2d 740 as an ameliorative penal statute. (See *People v. Frahs* (2020) 9 Cal.5th 618, 627–633; see also *People v. Esquivel* (2021) 11 Cal.5th 671, 675.) We conclude that nothing in the text of Senate Bill 567 indicates the Legislature intended to override the *Estrada* presumption that section 1170, subdivision (b), will apply to individuals who, like Criado, were convicted and sentenced before the statute's effective date but whose cases are not yet final on appeal.

We also agree with the parties that a remand is appropriate. Although in selecting the upper term the trial court relied on Criado's commission of the prior offenses (which would presumably be a permissible basis for imposing an upper term under the amended section 1170, subdivision (b)), the trial court also generally referenced other "factors of aggravation and mitigation that are present in this case." The probation report prepared for Criado's original sentencing identified several possible aggravating factors that do not appear to relate to his prior convictions, such as dissuading the victim from testifying. Because it is not clear whether the trial court relied on those factors when selecting the upper term, we cannot determine whether Criado's sentence complies with the terms of section 1170, subdivision (b). We therefore remand the matter to the trial court to

resentence Criado under section 1170, as amended by Senate Bill 567. In light of this conclusion, we need not address and take no position on Criado's alternative arguments for resentencing, including those related to Senate Bill No. 483 (Stats. 2021, ch. 728). Should he choose to do so, Criado may raise them in the trial court at resentencing.

### III. DISPOSITION

The sentence is vacated and the matter is remanded to the trial court to sentence Criado under Penal Code section 1170, as amended by Senate Bill No. 567. The judgment is otherwise affirmed.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.


_____
Lie, J.


**H048757**
*People v. Criado*